United States District Court
Southern District of Texas

**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IRA WESLEY F.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-cv-3385 |
| | § | |
| **FRANK BISIGNANO,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Ira Wesley F. ("Plaintiff") filed this lawsuit against Defendant Frank Bisignano[1] ("Commissioner") seeking review of the denial of Supplemental Security Income Benefits under Title XVI of the Social Security Act. (ECF No. 1). Pending before the Court[2] are the Parties' cross-motions for summary judgment. (ECF Nos. 13, 19). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 19) be **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion for Summary Judgment (ECF No. 13) be **GRANTED IN PART** and **DENIED IN PART**. The Court **FURTHER**

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 9).

**RECOMMENDS** this case be **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion.

## I.    Background

Plaintiff filed a claim for disability insurance benefits on February 25, 2021, alleging disability starting on January 2, 2015. (ECF No. 4-4 at 32).[3] Plaintiff's claims were initially denied by the Social Security Administration in May 2021 (*id.* at 46), and again on reconsideration in November 2021 (*id.* at 53). On December 9, 2021, Plaintiff requested a hearing before an Administrative Law Judge. (ECF No. 4-5 at 45). On December 6, 2023, Administrative Law Judge Michelle Whetsel (the "ALJ") held a telephonic hearing. (ECF No. 4-3 at 15–28). Plaintiff was represented by counsel at the hearing. (*Id.* at 15). Nicole Fuscaldo, a vocational expert ("VE"), appeared and testified at the hearing. (*Id.*).

On January 18, 2024, the ALJ issued a decision, finding Plaintiff not disabled at Step Five.[4] (*Id.* at 15–28). At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 25, 2021, the

---

[3] The Administrative Record in this case can be found at ECF No. 4.

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

application date.  (*Id.* at 17).  At Step Two, the ALJ found Plaintiff has the following severe impairments: "stroke/Erb's palsy with residual deficits, diabetes mellitus, high blood pressure, diabetic neuropathy, congestive heart failure, speech disorder/neurological disorder, vision loss, and obesity (20 CFR 416.920(c))."  (*Id.*).  At Step Three, the ALJ found Plaintiff: "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  (*Id.* at 18).  The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except, he can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds.  The claimant can occasionally, balance, stoop, kneel, crouch, and crawl.  He should avoid even moderate exposure to extreme heat and extreme cold.  The claimant should avoid all exposure to dangerous moving machinery, unprotected heights, and wet, slippery, or uneven surfaces.  He can occasionally reach in all directions, including overhead, with his right upper extremity.  The claimant can frequently handle and finger with his right hand.  He can occasionally push, pull, and operate foot controls bilaterally.  The claimant can remember and follow detailed, but not complex instructions.  He can perform the tasks assigned, but not at a production rate pace; however, he can meet the end of day work goals.  The claimant can have occasional contact with co-workers, supervisors, and the general public.  He can frequently use near, far, accommodation, field of vision, color vision, and depth perception bilaterally.

(*Id.* at 19).  At Step Four, the ALJ found Plaintiff was unable to perform any past relevant work.  (*Id.* at 26).  At Step Five, the ALJ found there were jobs

that existed in significant numbers in the national economy that Plaintiff could perform—such as a router, routing clerk, housekeeper, document preparer, surveillance systems monitor, eyeglass polisher, and nut sorter—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 27).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on October 21, 2024. (*Id.* at 2). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.    Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).   When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence."

4

*Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III.   Discussion

Plaintiff raises two issues on appeal: (1) the ALJ impermissibly relied on her own lay interpretation of the medical evidence to develop an RFC that is unsupported by substantial evidence (ECF No. 13 at 5); and (2) the hearing

decision does not contain an adequate evaluation of opinion evidence in assessing Plaintiff's RFC because the ALJ committed reversible error by discounting opinion evidence without first applying the factors set forth in 20 CFR 404.1520(c)(2) and 416.920(c)(2) (*id.* at 12–13). Conversely, Commissioner contends substantial evidence supports the ALJ's RFC determination. (ECF No. 19 at 6).

    a. <u>Lay Opinion</u>

First, Plaintiff argues the ALJ impermissibly relied on her own lay interpretation of the medical evidence to develop an RFC that is unsupported by substantial evidence. (ECF No. 13 at 5). Specifically, Plaintiff argues the ALJ rejected the only doctors of record who rendered an opinion on the use of Plaintiff's right hand and, by doing so, rendered her own opinion of the limiting effect of the use of Plaintiff's ability to handle and finger with his right hand. (ECF No. 13 at 9). Commissioner disagrees. (ECF No. 19 at 6–7).

The ALJ assesses a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). When evaluating physical limitations, the ALJ will "first assess the nature and extent of [Plaintiff's] physical limitations and then determine [Plaintiff's] residual functional capacity for work activity on a regular and continuing basis." *Id.* § 404.1545(b). The ALJ "must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010).

6

The ALJ is not required to adopt a specific physician's assessment when determining a plaintiff's RFC. *See Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023). Nevertheless, "the ALJ cannot completely disregard medical testimony in making an RFC determination." *Jones v. Kijakazi*, 625 F. Supp. 3d 549, 553 (S.D. Miss. 2022). However, "the ALJ is not required to have a medical opinion that matches his RFC determination[,]" so long as substantial evidence supports the determination. *Myers v. Saul*, No. 20-cv-445, 2021 WL 4025993, at *8 (W.D. Tex. Sep. 3, 2021). As such, an ALJ's RFC determination is improperly based on his lay opinion when substantial evidence does not support the RFC. *See Taylor*, 706 F.3d at 602.

To any general argument that the ALJ relied on her own lay opinion, the Court disagrees. Here, the ALJ considered the opinions of the following doctors: Jeanine Kwun; Kim Rowlands; Daryl K. Daniel; Arindam Sarkar; Donna Bloodworth; and Lynette Causey. (*See* ECF No. 4-3 at 23–25).

Dr. Kwun examined Plaintiff at the initial level of review and Dr. Rowlands examined Plaintiff at the reconsideration level. (*Id.* at 23). Both doctors opined that Plaintiff could perform the demands of light work just as the ALJ determined. (*Id.*). The ALJ noted that she found both medical opinions to be somewhat persuasive and were consistent with the RFC determination that Plaintiff's conditions, while severe, are not disabling and

should be limited to light exertion.  (*Id.*).  However, the ALJ found the evidence available at the hearing level showed a need for "more restrictive limits on [Plaintiff's] abilities to be exposed to workplace hazards, as well as using his extremities."  (*Id.*).

As to Dr. Daniel, the ALJ noted his opinion did not provide a "function-by-function assessment of [Plaintiff's] abilities related to work activity."  (*Id.* at 24).  However, the ALJ found the information provided in Dr. Daniel's opinion was "consistent with the evidence available to [sic] hearing level and was therefore considered when determining [Plaintiff's RFC]."  (*Id.*).

As to Dr. Sarkar, the ALJ noted that Dr. Sarkar opined that Plaintiff's limitations made regular employment impossible.  (*Id.*).  The ALJ found Dr. Sarkar's opinion slightly persuasive, reasoning that "the opinion [that Plaintiff] cannot lift more than 5 pounds, grasp objects, write, or type or reach overhead seems not to be so wholly supported by or consistent with the providers treatment history or the other evidence of record."  (*Id.* at 25).

Dr. Bloodworth opined that Plaintiff was "completely and permanently disabled."  (*Id.*).  The ALJ found "the opinion unpersuasive as the determination of disabled is reserved to the Commissioner."  (*Id.*).  However, the ALJ explained that she considered other information contained in Dr. Bloodworth's opinion when developing Plaintiff's RFC.  (*Id.*).

8

Lastly, the ALJ identified Dr. Causey's opinion that Plaintiff did not have a medically determinable mental impairment as persuasive. (*Id.*). However, the ALJ still provided for limitations regarding social interactions when developing Plaintiff's RFC.

This case is not an instance where an ALJ has "reject[ed] the only physicians to opine on Plaintiff's limitations, interpret[ed] the raw medical data himself, and impose[d] an RFC in contravention of all opining medical sources." *Garcia v. Berryhill*, No. 17-cv-263, 2018 WL 1513688, at *3 (W.D. Tex. Mar. 27, 2018); *see Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (reversing and remanding because the ALJ improperly interposed his own opinion when there was "no evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday").

Regarding Plaintiff's argument that "the ALJ rejected the only doctors of record who rendered a medical opinion on the use of Plaintiff's right hand" (ECF No. 13 at 9), the Court disagrees. The ALJ does not state in her decision that she "rejected" any of the medical opinions. *See Fleming v. Saul*, No. 19-cv-701, 2020 WL 4601669, at *7 (W.D. Tex. Aug. 10, 2020) ("Although the ALJ did not adopt in its entirety any one medical opinion of record in fashioning his RFC, he also did not completely reject every opinion either."). In fact, the only opinion that the ALJ found "unpersuasive" was Dr. Bloodworth and it was only as to the issue of Plaintiff's disability determination. (ECF No. 4-3 at 25).

9

Otherwise, Dr. Bloodworth's opinion, along with the rest of the medical opinions, were considered by the ALJ in developing Plaintiff's RFC, many of which addressed the use of Plaintiff's right hand. (*See id.* at 23–25).

As such, Plaintiff's argument that the ALJ impermissibly relied on her own lay interpretation of the medical evidence to develop an RFC that is unsupported by substantial evidence (ECF No. 13 at 5) is without merit.

### b. Evaluation of Opinion Evidence

Plaintiff also argues that the ALJ committed reversible error by discounting opinion evidence without first applying the factors set forth in 20 CFR 404.1520(c)(2) and 416.920(c)(2). (ECF No. 13 at 13). Commissioner disagrees. (ECF No. 19 at 8–9).

20 C.F.R. § 404.1520c is a rule regarding RFC determinations that governs all claims filed on or after March 27, 2017. Because Plaintiff filed his claim on February 25, 2021, this rule applies. This rule addresses how the ALJ is to consider and articulate medical opinions and prior administrative medical filings in evaluating a claimant's RFC. The rule states that the ALJ is no longer required to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Id.* § 404.1520c(a). Instead, the ALJ is to consider the persuasiveness of all medical opinions and prior administrative medical findings using the same specific factors outlined in the rule, the most important of which are

10

"supportability" and "consistency." *Id.* The ALJ must articulate how persuasive he finds each of the opinions in the record. *Id.* § 404.1520c(b).

The ALJ must provide an "adequate" discussion of his reasons for finding a particular medical opinion to be persuasive or unpersuasive. *Enrique A. v. Bisignano*, No. 1:25-cv-122, 2026 WL 1252096, at *7 (S.D. Tex. Apr. 6, 2026) (citing *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021)). The standard for an "adequate" discussion is whether the ALJ's persuasiveness explanation allows the court to conduct a meaningful review of whether his findings as to the particular medical opinion was supported by substantial evidence. *Id.* (citing *Cooley*, 587 F. Supp. 3d at 499).

Plaintiff's motion does not appear to identify a specific opinion that he argues the ALJ failed to evaluate properly. However, in Plaintiff's response, Plaintiff argues the ALJ did not determine the persuasiveness of Dr. Daniel's medical opinion. (ECF No. 20 at 11, 16). Plaintiff also adds that the "ALJ failed to consider the supportability of Dr. Sarkar and Dr. Bloodworth's opinions. (*Id.* at 13).

When discussing Dr. Daniel's opinion, the ALJ stated that she "assign[ed] no specific degree of persuasion to [Dr. Daniel's] opinion as it provide[d] no function-by-function assessment of the claimant's abilities related to work activity." (ECF No. 4-3 at 24). The ALJ continued by stating, "[h]owever, the information provided is consistent with the evidence available

11

to [sic] hearing level and was therefore considered when determining the claimants' [RFC]." (*Id.*).

The Court is unaware of a requirement that a medical opinion must provide a function-by-function assessment before the ALJ is required to consider the consistency and supportability of a medical opinion. *See McDonald v. Kijakazi*, No. 22-cv-86, 2022 WL 17798108, at *5 (D.N.H. Dec. 19, 2022) ("[T]he regulations direct the ALJ to consider the consistency and supportability of a medical opinion, not whether it provides a function-by-function assessment of the patient's functional capacity.") (citing § 416.920c(c)). Further, "[a] medical opinion is not required to include a function-by-function assessment of the claimant's RFC." *Id.* (citing *Jimenez v. Kijakazi*, No. 1:20-cv-25178, 2022 WL 4794878, at *8 (S.D. Fla. Sep. 14, 2022), *report and recommendation adopted*, No. 1:20-cv-25178, 2022 WL 4761310 (S.D. Fla. Oct. 3, 2022)).

Here, the ALJ clearly reviewed Dr. Daniel's medical opinion, analyzed whether the opinion was consistent with other medical evidence, and considered the opinion when developing Plaintiff's RFC. (*See* ECF No. 4-3 at 24). However, the ALJ does not address the supportability[5] of Dr. Daniel's

---

[5] "'Supportability' focuses on how well the medical evidence and supporting explanations given by the medical provider support the provider's opinion." *Kilby v. Kijakazi*, No. 4:20-cv-3035, 2022 WL 1797043, at *3 (S.D. Tex. Mar. 15, 2022) (citing 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting

medical opinion. *See Cooley*, 2021 WL 4221620, at \*6 (finding the ALJ committed legal error where the court could not discern how the ALJ considered the "supportability" or "consistency" factors in determining the persuasiveness of a treating physician's medical opinion).

As to Dr. Sarkar, the ALJ found the opinion to be "only slightly persuasive." (ECF No. 4-3 at 25). Specifically, the ALJ states:

> While the diagnoses of Erb's palsy is *consistent* with the longitudinal evidence of record, the opinion the claimant cannot lift more than 5 pounds, grasp objects, write, or type or reach overhead seems not to be so wholly *supported* by or *consistent* with the providers treatment history or the other evidence of record. While the evidence of record shows some decreased strength in the claimant's right upper extremity, the evidence is not *consistent* with the limitation to overall lifting of no greater than 5 pounds with the apparent lack of any use of the right upper extremity or hand. (See Exs C1FC22f, hearing testimony). For example, focused examinations noted 3/5 strength in the right upper extremity and only mild decrease in sensory responses. (C7F and C16F).
>
> Further, many exams show normal range of motion with no noted decrease in strength (See Ex CC14F, C11F, C22F, C19F, and C17F). The evidence is most *consistent* with limiting the claimant to no greater than a light exertion with occasional reaching in all directions including overhead with the right upper extremity and frequent handling and fingering with the right hand. (See Exs C1F-C22F).

---

explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.")).

13

(*Id.*) (emphasis added). While the ALJ addresses the consistency of Dr. Sarkar's medical opinion, the ALJ's singular reference to "supportability" is lacking. *See Cooley*, 587 F. Supp. 3d at 499 ("The measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.") (internal citations omitted).

Similarly, as to Dr. Bloodworth, the ALJ found the opinion "unpersuasive" because Dr. Bloodworth opined as to Plaintiff's disability status. (ECF No. 4-3 at 25). However, the ALJ acknowledges that other portions of Dr. Bloodworth's opinion were considered when determining Plaintiff's RFC. (*Id.*). Yet, the ALJ did not address the supportability or consistency of Dr. Bloodworth's opinion. (*Id.*).

"In other words, the ALJ simply fails to engage in any meaningful discussion of the consistency and supportability of [these] medical opinion[s]. This is error." *Shugart v. Kijakazi*, No. 3:21-cv-00007, 2022 WL 912777, at *4 (S.D. Tex. Mar. 29, 2022); *see also Cooley*, 587 F. Supp. 3d at 500 ("Stated differently, significant gaps exist in the ALJ's discussion of Dr. Tanious' medical opinion that leave this Court unable to build a 'logic bridge' between the evidence and his finding.").

14

The Court must now turn to the question of whether the ALJ's error was harmless. *See Cooley*, 587 F. Supp. 3d at 501. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006). Given that the ALJ's discussion is insufficient to meet the demands of 20 C.F.R. § 404.1520c(b)(2) insofar as the Court cannot undertake meaningful review of her findings as to three of the six medical opinions available, the Court finds that this legal error prevents the Court from determining whether substantial evidence supports the ALJ's decision. *See Cooley*, 587 F. Supp. 3d at 501; *Shugart*, 2022 WL 912777, at *4 ("I conclude that it is conceivable that the ALJ could make a different administrative decision upon further review.").

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 19) be **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion for Summary Judgment (ECF No. 13) be **GRANTED IN PART** and **DENIED IN PART**. The Court **FURTHER RECOMMENDS** this case be **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file

written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 24, 2026.

Richard W. Bennett
United States Magistrate Judge